**BARNES & THORNBURG LLP**
PAUL J. LAURIN (SBN 136287)
plaurin@btlaw.com
MATTHEW B. O'HANLON (SBN 253648)
matthew.o'hanlon@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310-284-3880
Facsimile: 310-284-3894

Attorneys for
ROKU, INC.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>RDIO, INC.,<br><br>        Debtor. | Case No. 15-31430-DM<br><br>Chapter 11<br><br>**STATEMENT OF ROKU, INC. RE MOTION FOR APPROVAL OF FINAL ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO (I) OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362, 363, AND 364; (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDER PURSUANT TO 11 U.S.C. §§ 364 AND 507; (III) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; AND (IV) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO 11 U.S.C. §§ 361, 362, 363, 364, AND 507**<br><br>Date: December 10, 2015<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>       Courtroom 22<br>       235 Pine Street, 23rd Floor<br>       San Francisco, CA 94101 |

Roku, Inc. ("Roku") is owed over $2 million based on Debtor's own accounting, as reflected in Debtor's Schedules. Roku calculates its claim is in fact in excess of $8 million, making it the largest unsecured creditor in the case. Roku was appointed as a member of the Official Committee of Unsecured Creditors (the "Committee") by the United States Trustee. Roku is the co-chair of the Committee. Roku submits this statement in its own behalf and not with respect to the Committee's position.

The basis of Roku's claim is that certain Channel Application Upgrade and Distribution Agreement (the "Distribution Agreement") with Rdio, Inc. dated July 30, 2014. The Distribution Agreement is an executory contract pursuant to which Roku bundles the Rdio music streaming service via a "Channel Application" into its devices for delivery and distribution to the end users who acquire a Roku audio-video hardware product that uses Roku's digital content platform. This then provides access to subscription services for Rdio available through Roku devices. The Distribution Agreement provides for a revenue share for any Roku generated subscriptions. In addition, Roku provides the Rdio service via tv hardware sold to end users by certain strategic partners. Far and away the most substantial source of direct benefit to Rdio and generator of revenue is via the brand recognition associated with a button feature and packaging that identifies Rdio. The Distribution Agreement has not been rejected.

The Distribution Agreement specifically provides for the development and sale of a Branded Remote Control which bears a functional "Rdio" logo button (the "Rdio Button") which directly connects end users to the channel application, the promotion of the Rdio channel application, and billing services for the Rdio subscription service. Roku successfully developed and distributed the Rdio Button for use with Roku devices. Roku devices are sold to retail customers via online retailers and in brick and mortar stores such as Best Buy.

Post-petition, in the absence of rejection or other event of termination under the Distribution Agreement, Roku has continued to perform under the terms of the Distribution Agreement and distribute the Rdio Button.

///

///

1

1 | Roku's performance renders an actual, direct and substantial benefit to the estate by perpetuating the brand of Rdio and providing subscribers with access to the Rdio streaming service.

Pursuant to the Distribution Agreement, Roku is entitled to "button fees" for the post-petition sale of branded devices and post-petition subscriptions in the estimated approximate amount of $854,000 for the period covered in the Final DIP Order budget.

The budget does not provide for payment of this sum, or any other specified sum to Roku. Roku is informed it has been placed in the "miscellaneous" category of the budget expenses with a total line allocation of $250,000 through the budget period.

At Roku's request, language has been added to the to the Final DIP Order at paragraph 16 in order to protect Roku in the assertion of an administrative claim and the possibility that the estate would be left administratively insolvent by virtue of an inadequate budget through the date of sale and wind down.[1]

Roku submits that predicated upon the premise that all operational expenses are being provided for in the budget, its categorization is at best a "placeholder" which must be addressed in due course. Due to the press of time, it understands the necessity for prompt approval of the Final DIP Order and therefore recognizes the overarching benefit to the estate, provided that the case not be left administratively insolvent. Therefore, Roku reserves all rights and does not by its

///
///
///
///
///

---

[1] The language provides: "Notwithstanding anything herein to the contrary, to the extent the Debtor fails to pay any allowed administrative expense claim when due, because the payment thereof would not comply with the Budget (considering Permitted Variance), then the Debtor (or the Committee on behalf of the Debtor's estate, to the extent the Debtor refuses to seek the following) shall retain the right to seek, under section 506(c) of the Bankruptcy Code, to surcharge the DIP Collateral or the Prepetition Collateral in an amount not to exceed the unpaid amount of such unbudgeted and allowed administrative expense claim. The DIP Lender and the Prepetition Secured Parties reserve all rights and defenses thereto."

non-objection to the Final DIP Order imply that a sale that generates proceeds free and clear of liens under 11 U.S.C. Section 363 (b) and (f) should or can leave administrative claims unpaid.

                                            Respectfully submitted,

Dated: December 9, 2015             BARNES & THORNBURG LLP

                                        By:   /s/ Paul Laurin
                                               Paul Laurin, Esq. (SBN# 136287)
                                        Barnes & Thornburg LLP
                                        2029 Century Park East, Suite 300
                                        Los Angeles, CA 90067-2904
                                        Telephone: 310.284.3785
                                        Facsimile: 310.284.3894
                                        plaurin@btlaw.com

                                        ATTORNEYS FOR ROKU, INC.

3

<h1 style="text-align:center">PROOF OF SERVICE</h1>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barnes & Thornburg LLP, 2029 Century Park East, Suite 300, Los Angeles, California 90067.

On **December 9, 2015**, I served the foregoing document(s) described as: **STATEMENT OF ROKU, INC. RE MOTION FOR APPROVAL OF FINAL ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO (I) OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362, 363, AND 364; (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDER PURSUANT TO 11 U.S.C. §§ 364 AND 507; (III) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; AND (IV) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO 11 U.S.C. § 361, 362, 363, 364, AND 507** by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☒ **BY NOTICE OF ELECTRONIC FILING (NEF)** The undersigned hereby certifies that a copy of the foregoing was electronically and notice of this filing will be sent to all parties listed below by operation of the Court's electronic filing system which the parties may access through the Court's system.

☒ **BY UNITED STATES MAIL** I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 9, 2015 at Los Angeles, California.

| Stephanie L. Moore | /s/ Stephanie L. Moore |
|---|---|
| [Print Name of Person Executing Proof] | [Signature] |

# SERVICE LIST

**BY NOTICE OF ELECTRONIC FILING (NEF)**

- Ron Bender     rb@lnbyb.com
- John D. Fiero     jfiero@pszjlaw.com, ocarpio@pszjlaw.com
- Robert A. Franklin     Franklin.Robert@Dorsey.com, bobf_94303@yahoo.com
- Philip A. Gasteier     pag@lnbrb.com
- Julie M. Glosson     julie.m.glosson@usdoj.gov
- Debra I. Grassgreen     dgrassgreen@pszjlaw.com, hphan@pszjlaw.com
- Thomas T. Hwang     Hwang.Thomas@Dorsey.com
- Lynette C. Kelly     lynette.c.kelly@usdoj.gov, ustpregion17.oa.ecf@usdoj.gov
- Monica Y. Kim     myk@lnbyb.com, mayra@lnbyb.com
- Andy S. Kong     kong.andy@arentfox.com
- Paul J. Laurin     plaurin@btlaw.com, slmoore@btlaw.com
- John William Lucas     jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Krikor J. Meshefejian     kjm@lnbyb.com
- Ramon Naguiat     ramon.naguiat@skadden.com
- Stephen T. O'Neill     ONeill.Stephen@Dorsey.com
- Office of the U.S. Trustee / SF     USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com
- Jason Rosell     jrosell@pszjlaw.com, svuong@pszjlaw.com
- Harvey S. Schochet     Harveyschochet@dwt.com, BradleyRedmond@dwt.com
- Jane K. Springwater     jspringwater@friedmanspring.com
- Sabrina L. Streusand     streusand@slollp.com, bateman@slollp.com

**BY UNITED STATES MAIL**

| | |
|---|---|
| Christopher Dressel<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Dr.<br>Chicago, IL 60606-1720 | Van C. Durrer<br>Skadden, Arps, Slate, Meagher and Flom<br>300 S Grand Ave. #3400<br>Los Angeles, CA 90071-3144 |
| Benjamin Hoch<br>Law Offices of Dewey Ballantine<br>1301 Ave. of the Americas, 40th Fl.<br>New York, NY 10019-6092 | Stephan Hornung<br>Luskin, Stern & Eisler LLP<br>Eleven Times Square<br>8th Ave. & 41st Street<br>New York, NY 10036 |
| Ron E. Meisler<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N Wacker Dr.<br>Chicago, IL 60606-1720 | Elliott Peters<br>1550 Bryant St.<br>San Francisco, CA 94103 |
| Richard Stern<br>Luskin, Stern & Eisler LLP<br>Eleven Times Square<br>8th Ave. & 41st Street<br>New York, NY 10036 | Veronica Syrtash<br>Legal Counsel<br>CMRRA-Sodrac, Inc.<br>56 Wellesley Street West, Suite 320<br>Toronto, Ontario, Canada, M5S 2S3 |