Entered on Docket
December 15, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: December 11, 2015

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

RON BENDER (SBN 143364)
PHILIP A. GASTEIER (SBN 130043)
MONICA Y. KIM (SBN 180139)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com; pag@lnbyb.com
kjm@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>RDIO, INC.,<br><br>Debtor. | Case No.: 15-31430 DM<br><br>Chapter 11<br><br>**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MOELIS & COMPANY LLC AS FINANCIAL ADVISOR TO DEBTOR PURSUANT TO 11 U.S.C. §§ 327, 328 AND 330** |

Upon the application (the "*Application*")[1] of the above-captioned debtor and debtor in possession (collectively, the "*Debtor*") for employment and retention of Moelis & Company LLC ("*Moelis*") as financial advisor to the Debtor; and the Court being satisfied that Moelis has the capability and experience to provide the services described in the Application; and the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

Court being satisfied based on the representations made in the Application and the Jimenez Declaration that (a) Moelis does not hold or represent an interest adverse to the Debtor's estate and (b) Moelis is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Application, if applicable; and upon the Jimenez Declaration, the record of the hearing, and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor's estate, its creditors and other parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Application is approved as set forth herein. All objections to the relief requested in the Application, whether filed or not, are hereby overruled.

2. The Debtor is authorized to retain and employ Moelis as its financial advisor in this chapter 11 case, pursuant to the terms and conditions set forth in the Application and the Engagement Letter.

3. Except to the extent set forth herein, the Engagement Letter (together with all annexes thereto), a copy of which is attached as Exhibit B to the Application, including,

without limitation, the Fee Structure, is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and the Debtor is authorized and directed to perform its payment, reimbursement, contribution and indemnification obligations and its non-monetary obligations in accordance with the terms and conditions, and at the times specified, in the Engagement Letter. Subject to paragraph six of this Order, all compensation, reimbursement of expenses, indemnification, contribution and reimbursement to Moelis and any Indemnified Person (as defined in the Engagement Letter) under the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review including but not limited to that set forth in section 330 of the Bankruptcy Code.

4. The Debtor is authorized to pay Moelis' fees and to reimburse Moelis for its reasonable, documented, out of pocket costs and expenses as provided in the Engagement Letter, including but not limited to in-sourced document production costs, travel costs, meals, and the reasonable, actual, documented, out-of-pocket costs fees, disbursements and other charges of Moelis' external legal counsel (without the need for such legal counsel to be retained as a professional in these chapter 11 cases and without regard to whether such legal counsel's services satisfy section 330(a)(3)(C) of the Bankruptcy Code). In the event that Moelis seeks reimbursement from the Debtor for attorneys' fees and expenses pursuant to the Application and Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Moelis' own applications, both interim and final, and these invoices and time records shall be subject to the U.S. Trustee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the

Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

5. Moelis shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, the U.S. Trustee Guidelines and any applicable orders of the Court; *provided, however*, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines and any other orders and procedures of this Court are hereby modified such that Moelis' restructuring professionals shall be required only to keep reasonably detailed time records in half-hour increments, Moelis' non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to keep any time records, Moelis' restructuring professionals shall not be required to keep time records on a project category basis, and Moelis shall not be required to provide or conform to any schedule of hourly rates.

6. Moelis shall be compensated in accordance with the terms of the Engagement Letter and, in particular, all of Moelis' fees and expenses in this chapter 11 case are hereby approved pursuant to section 328(a) of the Bankruptcy Code. Notwithstanding anything to the contrary herein, the fees and expenses payable to Moelis pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Moelis' compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or

conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Moelis' compensation.

7.  The indemnification, contribution, and reimbursement provisions included in **Annex B** to the Engagement Letter are approved in their entirety, except that ", negligence" shall be deemed inserted between "bad faith" and "or gross negligence" in the last line of the first paragraph of **Annex B**.

8.  Notwithstanding anything to the contrary in the Engagement Letter, the second sentence of Section 6 of the Engagement Letter shall not apply during this chapter 11 case.

9.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

11. Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

12. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*End of Order*