John D. Fiero (CA Bar No. 136557)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: jfiero@pszjlaw.com
dgrassgreen@pszjlaw.com
jlucas@pszjlaw.com
jrosell@pszjlaw.com

Proposed Counsel for the Official
Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>RDIO, INC.,<br><br>Debtor. | Case No. 15-31430<br><br>Chapter 11<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER APPROVING EMPLOYMENT OF FTI CONSULTING, INC. AS ITS FINANCIAL ADVISOR EFFECTIVE NOVEMBER 20, 2015**<br><br>**No Hearing Required** |

The Official Committee of Unsecured Creditors (the "Committee") of Rdio, Inc. (the "Debtor"), hereby submits its application (the "Application") for the entry of an order, pursuant to section 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the employment of FTI Consulting, Inc. ("FTI" or the "Firm"), as financial advisor to the Committee in connection with the Debtor's chapter 11 case ("Case"), effective as of November 20, 2015. In support of the Application, the Committee submits the declaration of Andrew Hinkelman (the "Hinkelman Declaration"), filed concurrently herewith and incorporated herein by reference. In further support of the Application, the Committee respectfully represents as follows:

# I.

# JURISDICTION & VENUE

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 1103 of the Bankruptcy Code.

# II.

# BACKGROUND

On November 16, 2015 (the "Petition Date"), the Debtor commenced the Case by filing a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Court").

On November 19, 2015, the Office of the United States Trustee appointed the Committee. The members of the Committee are: (a) Roku, Inc.; (b) Sony Music Entertainment; (c) AXS Digital LLC; (d) Shazam Media Services; (e) Warner Music Group Corp.; (f) UMG Recordings, Inc.; and (g) Mosaic Networx LLC.

The Debtor is a debtor in possession and no trustee or examiner has been appointed.

# III.

# RELIEF REQUESTED

On November 20, 2015, the Committee elected to retain FTI to serve as its financial advisors. The Committee submits that the retention of FTI is appropriate under section 1103 of the Bankruptcy Code. Section 1103 of the Bankruptcy Code empowers the Committee, with the Court's approval, to employ attorneys, accountants, or other professional persons so long as such professionals do not represent any other entity having an adverse interest in connection with the Case. 11 U.S.C. § 1103(a)-(b). As discussed herein, FTI will be compensated on an hourly basis and reimbursed for expenses, subject to Court approval pursuant to section 330 of the Bankruptcy Code.

The Committee believes that under the facts and circumstances of this Case, the retention of FTI as financial advisor is reasonable, appropriate, and in the best interests of the Committee and the Debtor's estate.

## IV.

## QUALIFICATIONS OF FTI AND SCOPE OF SERVICES

The Committee is familiar with the professional standing and reputation of FTI. The Committee understands that FTI has a wealth of experience in providing services in restructurings and reorganizations and enjoys an excellent reputation for services its professionals have rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

The Committee believes that under the facts and circumstances of this Case, the retention of FTI as financial advisor is reasonable, appropriate, and in the best interests of the Committee and the Debtor's estate. FTI is a global business advisory firm that provides multidisciplinary solutions to complex challenges and opportunities. With the full power of unique depth of thought combined with the global expertise of leading professionals, FTI is committed to protecting and enhancing the enterprise value of its clients.

With its experience as a financial advisor, FTI fulfills a critical role that complements the services offered by the Committee's counsel. The Committee further believes that the value to the Committee of such services and the amount of compensation is reasonable given the services to be provided by FTI to the Committee.

As such, the Committee believes that FTI is well-qualified and able to advise it in a cost-effective, efficient, and timely manner. The Committee has been advised by FTI that it will endeavor to coordinate with the other professionals retained in this Case to eliminate unnecessary duplication or overlap of work. Therefore, the Committee submits that the retention and employment of FTI is in the best interests of the Debtor's estate, creditors and other stakeholders in this Case.

## V.

## SERVICES TO BE RENDERED

Subject to further Order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

    a.    Assistance in the review of financial-related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

3

b. Assistance in the preparation of analyses required to assess any proposed Debtor in Possession financing or use of cash collateral;

c. Assistance with the assessment and monitoring of the Debtor's short term cash flow, liquidity, and operating results;

d. Assistance with the review of any proposed key employee retention or other employee benefit programs;

e. Assistance with the review of the Debtor's analysis of core business assets and the potential disposition or liquidation of non-core assets;

f. Assistance with the review of the Debtor's cost/benefit analysis with respect to the affirmation or rejection of various executory contracts;

g. Assistance in the review and monitoring of any asset sale process, including, but not limited to an assessment of the adequacy of the marketing process, completeness of any buyer lists, review and quantifications of any bids;

h. Assistance with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtor, plans of reorganization, and asset sales;

i. Assistance in the review of the claims reconciliation and estimation process;

j. Assistance in the review of other financial information prepared by the Debtor, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

k. Attendance at meetings and assistance in discussions with the Debtor, potential investors, banks, other secured lenders, the Committee and any other official committees organized in the Case, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

l. Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in this Case;

m. Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

n. Assistance in the prosecution of Committee responses/objections to the Debtor's motions, including attendance at depositions and provision of expert reports/testimony on issues as required by the Committee; and

o. Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role

4

of a financial advisor and not duplicative of services provided by other professionals in this Case.

## VI.

## **PROFESSIONAL COMPENSATION**

The Committee desires to employ the Firm and compensate the Firm with reasonable fees to be determined by the Court. No compensation will be paid to the Firm except upon compliance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court. The Firm has received no retainer in this Case to represent the Committee. Neither the Committee nor any of its members (or their representatives) are or will be liable for any fees or costs incurred by the Firm in its representation of the Committee.

The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this Case are as follows:

| Title | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $800 – $975 |
| Directors / Senior Directors / Managing Directors | $595 – $795 |
| Consultants / Senior Consultants | $315 – $575 |
| Administrative / Paraprofessionals / Associates | $125 – $250 |

In addition to the rates set forth above, FTI shall be reimbursed for all reasonable out-of-pocket expenses incurred in connection with this engagement such as travel, lodging, telephone, and facsimile charges.

## VII.

## **NO ADVERSE INTEREST OF PROFESSIONALS**

To the best of the Committee's knowledge, and based upon the Hinkelman Declaration, neither the Firm nor any of its employees have any connection with any party in interest, their attorneys or accountants, other than as set forth in the Hinkelman Declaration.

To the best of the Committee's knowledge, except as provided in the Hinkelman Declaration, neither the Firm, nor any of its employees represent any interest adverse to that of the Committee in the matters on which they are to be retained.

While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties-in-interest, it is possible that connections with some parties-in-

5

DOCS_SF:89601.3
Case: 15-31430  Doc# 162  Filed: 01/11/16  Entered: 01/11/16 13:58:58  Page 5 of 7

interest have not yet been identified. Should the Firm, through its continuing efforts or as this Case progresses, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

To the best of the Committee's knowledge and based upon the Hinkelman Declaration, neither FTI nor any of its partners, managers, directors or staff has any connection with the Debtor, the Committee, any creditors of the estate, any party in interest, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent set forth in the Hinkelman Declaration.

To the best of the Committee's knowledge and based upon the attached Hinkelman Declaration neither FTI nor any of its partners, managers, directors or staff is a creditor, equity security holder, or an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code.

To the best of the Committee's knowledge and based upon the attached Hinkelman Declaration, neither FTI nor any of its partners, managers, directors or staff is or was, within two years before the date of the filing of the petition, a director, officer or employee of the Debtor.

FTI has not provided and will not provide any professional services to the Debtor, any of the creditors, other parties-in-interest or their respective attorneys and accountants with regard to any matter related to this Case.

FTI acts as financial advisor to other committees in other bankruptcy cases, the members of which may be creditors of the Debtor. However, FTI will not provide services to any members of those committees with respect to any claims that they may have collectively or individually against the Debtor.

Similarly, FTI may provide, or may have provided, services to creditors, committees, or trustees in cases or proceedings against creditors of the Debtor that are unrelated to the Case.

To the best of the Committee's and FTI's knowledge, FTI has no interest adverse to the estate.

The Committee is informed and believes that FTI has conducted a conflict check and thus far has not encountered any creditors of the Debtor with which an actual conflict exists between FTI and

6

such creditors. If, at any subsequent time during the course of these proceedings, FTI learns of any other representation which may give rise to a conflict, FTI will promptly file with the Court and the Office of the United States Trustee an amended declaration identifying and specifying such involvement.

**WHEREFORE**, the Committee requests that this Court approve the employment of FTI Consulting, Inc. as financial advisor to the Committee, effective as of November 20, 2015, to render services as described above with compensation to be paid as an administrative expense at such times and in such amounts as the Court may hereafter determine and allow under sections 507(a) and 503(b) of the Bankruptcy Code.

ROKU, INC., CO-CHAIR

January 11, 2016 By: */s/ Joseph Hollinger*
Name: Joseph Hollinger
Its: Authorized Representative

SONY MUSIC ENTERTAINMENT, CO-CHAIR

January 11, 2016 By: */s/ Susan Meisel*
Name: Susan Meisel
Its: Authorized Representative

7